[Docket No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOLITA GILLBERG and GUNNER GILLBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>BORGATA HOTEL AND CASINO,<br><br>    Defendant. | Civil No. 08-5745 (RMB)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court upon the Motion for Summary Judgment by defendant Borgata Hotel and Casino ("Defendant") [Dkt. Ent. 30]  For the reasons set forth below, this motion is denied.

Plaintiff Lolita Gillberg ("Plaintiff") alleges that she slipped and fell on a patch of ice located on the porte-cochere area immediately outside the Borgata Casino.  As a result of her fall, Plaintiff alleges that she sustained serious injuries and has not been able to work since the incident.  Defendant moves for summary judgment, contending that it had no notice of the alleged dangerous condition.  Specifically, Defendant alleges that Plaintiff's proofs are deficient in that: she was walking fast just before she fell; she did not see the ice before she

1

fell; she did not see anyone else slip at that area on that day; and she has no idea how long the alleged icy condition existed prior to her fall.  In response, Plaintiff has submitted evidence that: the area was not salted and, further, no salt was available in the building that day; no warning or danger signs were put up in the area; Defendant had prior knowledge that the area was susceptible to ice patches because someone had fallen in the same location prior to her fall (although the date is unknown); and the bike officer's duties with respect to the area comprised solely of random checks of the area a few times a day.

**Standard**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v.

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

Clearly, a genuine issue of dispute remains in this case as to Defendant's knowledge of the icy conditions and whether Defendant acted reasonably to protect against the risk of fall.  Such factual dispute shall be resolved by a jury, not the Court.

Accordingly, for the foregoing reasons, the Motion for Summary Judgment is **DENIED**.

                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge

Dated: October 20, 2010

---

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).